T.C. Memo. 2010-95

UNITED STATES TAX COURT

ALEXANDER MITCHELL NETH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23160-08L.                    Filed May 3, 2010.

Alexander Mitchell Neth, pro se.

Matthew Mendizabel, for respondent.

MEMORANDUM OPINION

MORRISON, Judge:  In 2007, the respondent (whom we refer to
here as the IRS) notified petitioner Alexander Mitchell Neth that
respondent had filed a federal tax lien against his property.
The purpose of the lien filing was to collect Neth's unpaid
income-tax liability for 2000.  Neth requested a collection
hearing to contest the filing of the lien.  The request for a

hearing was made on Neth's behalf by his lawyer, Herman J. Marino, of Chicago. In the request, Marino gave no reasons for contesting the filing of the lien. The IRS assigned a hearing officer to hold the hearing. The hearing officer scheduled a telephone conference call. He called Marino at the scheduled time but was unable to reach him. Marino and Neth did not send the hearing officer any documents explaining why they were contesting the filing of the lien. The hearing officer sustained the filing of the lien. To challenge this determination, Neth filed a petition with the Tax Court. Signing the petition himself, Neth claimed that Marino's failure to represent him before the hearing officer was unauthorized. Neth also claimed that Marino advised him not to speak with the hearing officer directly. Neth requested that the Court order the IRS to hold a second hearing.

The IRS moved for summary judgment. The IRS argued that the hearing officer did not err in making the determination. The IRS's motion was supported by an affidavit and other documents. The IRS did not directly address the significance of the unsworn statements made by Neth in his petition that (1) Marino's failure to represent Neth before the hearing officer was unauthorized, and (2) Marino had told Neth that he should refrain from contacting the hearing officer directly. We ordered Neth to respond to the IRS's motion for summary judgment. Because Neth

failed to respond, we cannot simply adopt as true the facts that Neth alleged in his petition.  Neth is the opponent of a motion for summary judgment.  He is obliged to submit affidavits or other documents demonstrating a genuine issue for trial.  Rule 121(d), Tax Court Rules of Practice and Procedure ("When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.").

Applying the abuse-of-discretion standard to the uncontroverted facts, we hold that the hearing officer did not err in sustaining the filing of the lien.  The hearing officer adequately considered all the issues that he was required to address in the hearing.  No additional issues were presented by Neth or Marino for the hearing officer to consider.  The allegations Neth made in his petition are not supported as Rule 121(d), Tax Court Rules of Practice and Procedure, requires and therefore are inadequate to create a genuine issue for trial.

The IRS's motion for summary judgment will be granted.

<u>An appropriate order and decision will be entered</u>.